UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Korell Robert Floyd Battle, | ) | C/A No.: 8:07-cv-466-GRA-BHH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | (Written Opinion) |
| James R. Metts, Scott McDermoth, | ) | |
| Ronald O'Neil, and Christiana Bates, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter comes before the Court to review the magistrate's Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.03(B)(2)(d), D.S.C., filed May 12, 2008. Plaintiff originally brought this action pursuant to 42 U.S.C. § 1983, complaining that, *inter alia*, the defendants violated his First Amendment rights. Defendants filed a motion for summary judgment on December 12, 2007; Plaintiff responded on January 16, 2008. The magistrate recommends granting the defendants' motion for summary judgment. For the reasons stated herein, this Court adopts the magistrate's Report and Recommendation in its entirety.

### Standard of Review

Plaintiff brings this claim *pro se.* This Court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those drafted by attorneys. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This Court is charged with liberally construing a pleading filed by a *pro se* litigant to

allow for the development of a potentially meritorious claim. *See Boag v. MacDougall*, 454 U.S. 364, 365 (1982).

The magistrate makes only a recommendation to this Court. The recommendation has no presumptive weight, and responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.* In the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198 (4th. Cir. 1983). Plaintiff filed thirteen pages of objections on May 30, 2008.

## **Objections**

Applying the requisite liberal standard, the Court will only address those objections that are specific.

### *Mootness*

Plaintiff first objects that, even though he is no longer housed in Laurens County Detention Center (LCDC), his claims for injunctive and declaratory relief related to the conditions of confinement at LCDC are not moot because his alleged violations are

capable of repetition while evading review.

"[T]he transfer of an inmate from a unit or location where he is subject to the challenged policy, practice, or condition, to a different unit or location where he is no longer subject to the challenged policy, practice, or condition moots his claims for injunctive and declaratory relief, even if a claim for money damages survives." *Incumaa v. Ozmint*, 507 F.3d 281, 286-87 (4th Cir. 2007).  To fall within the "capable of repetition, yet evading review" exception to mootness, a litigant must show that "(1) the challenged action is in its duration too short to be fully litigated prior to cessation or expiration, and (2) there is a reasonable expectation that the same complaining party will be subject to the same action again."  *Id.* at 289 (quoting *Los Angeles v. Lyons*, 461 U.S. 95, 109 (1983)).

Here, the plaintiff fails to satisfy the second element.  Plaintiff argues that *if* he is returned to LCDC he will likely be subjected to the same conduct, but he does not argue that he has a reasonable expectation of being returned to LCDC.  And any "conjecture as to the likelihood of repetition has no place in the application of this exceptional and narrow grant of judicial power." *Incumma*, 507 F.3d at 289 (quoting *Abdul-Akbar v. Watson*, 4 F.3d 195, 207 (3d Cir.1993)).  Therefore, the plaintiff's objection is without merit, and this Court adopts the magistrate's finding that all of the plaintiff's claims for declaratory and injunctive relief are moot.

### *Defendant Christiana Bates*

Defendant next objects that he did not intend to voluntarily dismiss Defendant

Bates. He argues that the magistrate should have applied a less stringent standard to his *pro se* pleadings to allow for his suit to continue against Defendant Bates.

In his objections, Plaintiff admits that he is only seeking declaratory relief from Defendant Bates, an employee at LCDC. (Objs. at 3.) Regardless of whether the plaintiff intended to voluntarily dismiss Defendant Bates, the only claim he has against her is moot. Therefore, the magistrate did not err by dismissing Defendant Bates.

### *Actual Harm*

Plaintiff next objects to the magistrate's interpretation of *Casey v. Lewis*, 518 U.S. 343 (1996), and the magistrate's finding that the plaintiff failed to demonstrate actual harm as defined therein. First, this Court finds that the magistrate correctly interpreted *Casey* to find that a plaintiff must demonstrate that the defendants caused actual harm to sustain a claim for denial of access to the courts. (R. & R. at 5.) Second, Plaintiff has not carried this burden. Plaintiff has not demonstrated that he suffered actual harm or that the claims he is pursuing are not frivolous. Therefore, all of the plaintiff's objections referring to *Casey* are meritless.

### *Legal Resources*

Plaintiff next argues that the magistrate erred by finding that the Constitution does not require every local jail to have a law library. Plaintiff argues that *Bounds v. Smith*, 430 U.S. 817 (1977), does require every jail to have a law library and that any Fourth Circuit precedent to the contrary, such as *Agee v. Waters*, 810 F.2d 451, 452 (4th Cir. 1987), is simply invalid. After reviewing the *Bounds* decision, this Court

finds that the magistrate correctly applied it.  Both precedent from the United States Supreme Court and the Fourth Circuit Court of Appeals render this objection meritless.

Though the plaintiff purports to present further specific objections, "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendation" are not considered specific, and this Court need not conduct a *de novo* review of such "objections."  *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

## Conclusion

After a thorough review of the motions, the Report and Recommendation, and the plaintiff's objections, this Court finds that the magistrate applied sound legal principles to the facts of this case.  Therefore, this Court adopts the magistrate's Report and Recommendation in its entirety.

IT IS THEREFORE SO ORDERED THAT the defendants' motion for summary judgment be GRANTED.

IT IS SO ORDERED.

July 8, 2008
Anderson, South Carolina

G. ROSS ANDERSON, JR.
UNITED STATES DISTRICT JUDGE

## NOTICE OF RIGHT TO APPEAL

Pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure, Plaintiff has the right to appeal this Order within thirty (30) days from the date of its entry. Failure to meet this deadline, as modified by Rule 4 of the Federal Rules of Appellate Procedure, **will waive the right to appeal.**